IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Division)

| | |
|---|---|
| VERSATA SOFTWARE, INC., f/k/a, TRILOGY SOFTWARE, INC.; and, VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., <br><br> Plaintiffs, <br> v. <br><br> PLANISWARE USA, INC. <br><br> Defendant. | Civil Action No. 1:13-CV-00302-JBS-AMD |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Planisware USA, Inc. ("Planisware") by and through its undersigned counsel, answer the Complaint as follows:

**PARTIES**

1.    Planisware is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

2.    Planisware is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

3.    Admitted.

**JURISDICTION AND VENUE**

4.    Denied as a conclusion of law to which no response is required.  To the extent a response is required, denies the allegations of this paragraph.

1

5. Denied as a conclusion of law to which no response is required. To the extent a response is required, admits the allegations of this paragraph.

6. Denied as a conclusion of law to which no response is required. To the extent a response is required, admits the allegations of this paragraph

**FACTS**

7. Admitted in part; denied in part. Planisware admits that on or about December 21, 2004, the United States Patent Office issued U.S. Patent No. 6,834,282 ("the '282 patent"), and that the Complaint attached a copy of the '282 patent. Planisware is without knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies the same.

8. Admitted in part; denied in part. Planisware admits that on or about June 14, 2005, the United States Patent Office issued U.S. Patent No. 6,907,414 ("the '414 patent"), and that the Complaint attached a copy of the '414 patent. Planisware is without knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies the same.

9. Admitted in part; denied in part. Planisware admits that it uses, licenses, and distributes Planisware 5, which is enterprise project and product portfolio management software. Planisware denies the remaining allegations of this paragraph.

10. Denied as a conclusion of law to which no response is required. To the extent a response is required, Planisware denies the allegations of this paragraph.

11. Admitted in part; denied in part. Planisware admits that it licenses Planisware 5 to customers throughout the United States, including in this Judicial District. Planisware denies the remaining allegations of this paragraph.

12. Admitted in part; denied in part. Planisware admits that it engages in business activities related to Planisware 5 in the District of New Jersey, including consulting, support, sales, and offering these services to customers in and outside of New Jersey. Planisware denies the remaining allegations of this paragraph.

## COUNT I: INFRINGEMENT OF THE '282 PATENT

13. Planisware incorporates by reference each and every response contained in the paragraphs above as though fully set forth herein.

14. Denied as a conclusion of law to which no response is required. To the extent a response is required, Planisware denies the allegations of this paragraph.

15. Denied as a conclusion of law to which no response is required. To the extent a response is required, Planisware denies the allegations of this paragraph.

16. Denied as a conclusion of law to which no response is required. To the extent a response is required, Planisware denies the allegations of this paragraph.

17. Denied as a conclusion of law to which no response is required. To the extent a response is required, Planisware denies the allegations of this paragraph and its subparagraphs.

18. Denied as a conclusion of law to which no response is required. To the extent a response is required, Planisware denies the allegations of this paragraph.

19. Denied as a conclusion of law to which no response is required. To the extent a response is required, Planisware denies the allegations of this paragraph.

20. Admitted in part; denied in part. Planisware admits that since its receipt of the Complaint, it has been aware of the '282 patent. Planisware denies the remaining allegations

of this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Planisware denies the remaining allegations of this paragraph.

## COUNT II: INFRINGEMENT OF THE '414 PATENT

21. Planisware incorporates by reference each and every response contained in the paragraphs above as though fully set forth herein.

22. Denied as a conclusion of law to which no response is required.  To the extent a response is required, Planisware denies the allegations of this paragraph.

23. Denied as a conclusion of law to which no response is required.  To the extent a response is required, Planisware denies the allegations of this paragraph.

24. Denied as a conclusion of law to which no response is required.  To the extent a response is required, Planisware denies the allegations of this paragraph.

25. Denied as a conclusion of law to which no response is required.  To the extent a response is required, Planisware denies the allegations of this paragraph and its subparagraphs.

26. Denied as a conclusion of law to which no response is required.  To the extent a response is required, Planisware denies the allegations of this paragraph.

27. Denied as a conclusion of law to which no response is required.  To the extent a response is required, Planisware denies the allegations of this paragraph.

28. Admitted in part; denied in part.  Planisware admits that since its receipt of the Complaint, it has been aware of the '414 patent.  Planisware denies the remaining allegations of this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Planisware denies the remaining allegations of this paragraph.

## PRAYER FOR RELIEF

**WHEREFORE,** Planisware denies that Plaintiffs are entitled to the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CAUSE OF ACTION FOR INFRINGEMENT)

1. Plaintiffs have not pled any infringement with the specificity required by the law, and particularly has not properly or sufficiently pled any inducement to infringe, and therefore has failed to state any cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

2. Plaintiffs have failed, with respect to each and every count of the Complaint, to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

3. Planisware has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the patents-in-suit.

### FOURTH AFFIRMATIVE DEFENSE
### (INVALIDITY)

4. Planisware is informed and believes and therefore alleges that each claim of the patents-in-suit is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

5.     As a result of the proceedings and/or statements made before the United States Patent and Trademark Office during the prosecution of the application upon which the patents-in-suit issued, Plaintiffs are estopped from construing the patent to cover Planisware's products.

**SIXTH AFFIRMATIVE DEFENSE**
**(EQUITABLE DEFENSES)**

6.     Plaintiffs are barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

**SEVENTH AFFIRMATIVE DEFENSE**
**(PATENT MISUSE)**

7.     Plaintiffs' claims are barred, in whole or in part, by reason of patent misuse.

**EIGHTH AFFIRMATIVE DEFENSE**
**(FAILURE TO MARK)**

8.     Plaintiffs are precluded from recovering, in whole or in part, the damages sought in their Complaint because of Plaintiffs' failure to mark products that practice the patents-in-suit, as required by 35 U.S.C. § 287.

**NINTH AFFIRMATIVE DEFENSE**
**(LIMITATION ON DAMAGES AND COSTS)**

9.     Plaintiffs' claims for relief and prayer for damages and injunctions are barred in whole or in part by operation of the applicable statutes, including but not limited to 35 U.S.C. §§ 286 and 287.  Plaintiffs' recovery of costs are further limited under 35 U.S.C. § 288.

**TENTH AFFIRMATIVE DEFENSE**
**(RESERVATION OF ADDITIONAL DEFENSES)**

10.    Discovery in this case has not been completed, and Planisware continues to investigate the allegations set forth in Plaintiffs' Complaint and to ascertain the extent of

Plaintiffs' claims.  Planisware intends to rely on such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend its Answer and assert such defenses.

**PLANISWARE USA, INC.**

By: */s/Richard T. Sweeney*
Richard T. Sweeney
**LADDEY, CLARK & RYAN, LLP**
60 Blue Heron Road, Suite 300
Sparta, NJ 07871-2600
T: 973.729.1880

By Counsel

By: */s/Denise C. Lane*
Denise C. Lane, Esquire
**PRETI FLAHERTY BELIVEAU & PACHIOS**
Ten Post Office Square, South Tower
Boston, MA 02109
T: 603.410.1573
DLane@preti.com
*Counsel, pro hac vice*

Dated: March 19, 2013

## **LOCAL RULE 11.2 CERTIFICATION**

Under Local Rule 11.2, the undersigned counsel for Defendant Planisware USA, Inc. hereby certifies that it is not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, regarding the matter in controversy.

        Respectfully submitted,

By: */s/Richard T. Sweeney*
Richard T. Sweeney
**LADDEY, CLARK & RYAN, LLP**
60 Blue Heron Road, Suite 300
Sparta, NJ 07871-2600
T: 973.729.1880
*Attorneys for Defendant Planisware USA, Inc.*

Dated: March 19, 2013

4962562.1

## **CERTIFICATE OF SERVICE**

I, Richard T. Sweeney., hereby certify that, upon information and belief, copies of Defendant Planisware USA, Inc.'s Answer to Amended Complaint and Local Rule 11.2 Certification were served by my firm's staff on all counsel of record via ECF, the Court's electronic notifying system:

Respectfully submitted,

By: */s/Richard T. Sweeney*
Richard T. Sweeney
**LADDEY, CLARK & RYAN, LLP**
60 Blue Heron Road, Suite 300
Sparta, NJ 07871-2600
T: 973.729.1880
*Attorneys for Defendant Planisware USA, Inc.*

Dated: March 19, 2013